# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 13-999V
**Filed: October 6, 2015**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | UNPUBLISHED |
| VICTOR YORK, | * | |
| | * | Special Master Gowen |
| Petitioner, | * | |
| | * | |
| v. | * | Attorneys' Fees and Costs. |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

Ronald C. Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.
Debra A. Filteau Begley, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 17, 2013, Victor York ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that as a result of receiving an influenza and/or a tetanus-diptheria-acellular pertussis vaccination on November 16, 2011, he developed chronic inflammatory demyelinating polyneuropathy. See Petition at Preamble, docket no. 1, filed Dec. 17, 2013. On February 11, 2015, the parties filed a stipulation in which they stated that a decision should be entered awarding compensation to petitioner. See Stipulation for Award, docket no. 22, filed Feb. 11, 2015. On February 12, 2015, a

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

decision adopting the parties' stipulation was issued, awarding petitioner compensation in the amount of $182,500.00. See Decision, docket no. 23, filed Feb. 12, 2015. Judgment entered on February 26, 2015.

On July 15, 2015, petitioner filed a motion for attorneys' fees and costs. On July 22, 2015, respondent filed a motion to stay the proceedings on petitioner's fee application, stating that further proceedings would be duplicative of the parties' efforts in *McCulloch v. Sec'y of HHS*, No. 09-293, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). See Motion to Stay, docket no. 30, filed July 22, 2015. In *McCulloch*, the parties litigated requested hourly rates for attorneys at Conway, Homer & Chin-Caplan ("CHC"). On July 30, 2015, petitioner filed a response in opposition to respondent's motion to stay. On September 1, 2015, the undersigned issued a decision in *McCulloch*, setting forth reasonable hourly rates for the attorneys at CHC. Thereafter, the undersigned denied respondent's motion to stay the proceedings in this matter, and ordered petitioner to file an amended motion for attorneys' fees and costs, consistent with the rates established in *McCulloch*. See Order, docket no. 32, filed Sept. 1, 2105. Petitioner filed an amended motion for attorneys' fees and costs on September 3, 2015.

On October 6, 2015, respondent filed a response to petitioner's amended motion for attorneys' fees and costs, stating that "while [she] disagrees with the analysis and findings in [*McCulloch*], respondent has determined that her resources are not wisely used by continuing to litigate the issues addressed in that decision." Response to Amended Motion at 1-2, docket no. 36, filed Oct. 6, 2015. Accordingly, respondent indicated that she "defers to the special master's statutory discretion in determining a reasonable fee award for this case." Id. at 2.

Petitioner here requests a total award of attorneys' fees and costs in the amount of $20,453.24. Amended Motion at 2, docket no. 33, filed Sept. 3, 2015. This amount includes attorneys' fees in the amount of $19,726.20, and attorneys' costs in the amount of $710.85. Id. at 1. Additionally, in accordance with General Order #9, petitioner represents that he incurred reimbursable costs in pursuit of this claim in the amount of $16.19. See Notice, docket no. 29, filed July 15, 2015.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of petitioner's request, which is consistent with the rates and reasoning established in *McCulloch*, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs.

Accordingly, an award should be made as follows:

(1) **in the form of a check jointly payable to petitioner and to petitioner's attorneys at Conway, Homer & Chin-Caplan, in the amount of $20,437.05; and**

(2) **in the form of a check payable to petitioner only, Victor York, pursuant to General Order No. 9, in the amount of $16.19.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.